## Howard et al. v. Jones et al.

January 23, 1948.

J. S. Forester, Judge.

Henry L. Bryant for appellants.

Cleon K. Calvert, W. L. Hammond and Grant Knuckles for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

A local option election was held in Buckeye Precinct No. 8 in Bell County on April 12, 1947, resulting in 110 votes in favor of prohibition and 98 votes opposed, or a majority of 12 votes in favor of prohibition. A contest followed in the present action. On the contest plaintiffs below challenged the legality of 45 votes. In intervening petition defendants below challenged the legality of 20 votes, 15 of them being votes also challenged by plaintiffs. Upon discovery of this duplication in challenges the defendants by an amended intervening petition attempted to withdraw their challenge as to all votes on which they coincided with the plaintiffs and also certain other votes challenged by defendants alone. The court allowed this withdrawal as to only a portion of the 15 votes and the defendants complained of that action. However, that order is of importance as to only two votes.

After hearing evidence, the court below found there were 20 illegal votes cast, of which 19 were charged against the proponents of prohibition and 1 against the opponents, giving the opponents a majority of 6 votes. The proponents appeal.

There are three questions presented herein. The first is as to the correctness of the finding of the lower court as to the illegality of certain voters, and as to the deduction of their votes. The second is as to the correctness of the court's ruling excluding certain testimony offered by the defendants below, appellants here. The third pertains to the effective date of prohibition in event the judgment below is reversed.

It becomes necessary to consider each vote in order to determine whether or not there is merit in the contention of appellants that the court erroneously deducted votes from their cause on the one hand and on the other erroneously declined to deduct votes from their opponents.

The court below found Willie McDaries to be a resident of Knox County and an illegal voter who voted for prohibition. His vote was charged against the proponents of prohibition. McDaries testified that his residence at the time of his deposition was in Knox County, and from his testimony we conclude that he lived in the same place at the time of the election. He testified that he had been working here and yonder on logging jobs, staying two or three months at one place and then going on to another job; that he just temporarily located where he is now; that he regards Buckeye as his home; and that he had registered there and had voted there for the last 7 or 8 years. We conclude that he was a legal voter and should not have been charged to either side. See Everman v. Thomas, 303 Ky. 156, 197 S. W. 2d 58. This case gives an exhaustive treatment of practically every question raised herein.

Nannie Thompson was challenged by both parties; found to be a Knox County resident and voted for prohibition. Her vote was charged against the proponents of prohibition. The contestees do not question the correctness of the findings as to her but complain only that her deposition, on which the findings were based, was taken too late and should not have been admitted. Under the local option statutes the taking of evidence must be complete within 30 days after the service of process and contest of election. In this case the summons was executed on May 6, 1947, and by agreement deposition of Nannie Thompson was taken on June 5, 1947, without

prejudice to appellants' contention that the time for taking proof had expired. The question presented is whether the 30 days for taking proof is to be counted including the date of service of process or excluding it. If the date of service is included the court was in error in admitting this deposition. If excluded the court acted correctly. To be concise, this falls within the rule that if it is from an act done you include the day on which the act is done. See Pinson v. Bentley, 293 Ky. 490, 169 S. W. 2d 305, and Owings v. Webb's Ex'r, 304 Ky. 748, 202 S. W. 2d 410. Consequently, time had expired on the day the deposition was taken. This vote should not have been so charged.

Roscoe Centers and his wife, Edna Centers, were challenged by contestants and found to be Knox County residents. Their votes were charged against contestees, who are here contending they were legal voters. Both Centers and his wife testified that they lived in Knox County at the time of the election and that they voted for prohibition, but that they own residential property in Buckeye and had lived there until the last 8 years, and had never voted in Knox County. Both stated that Buckeye was their home and that they intended to return there eventually. Centers operates tipple at mine, returns frequently to his property in Bell, and is away from Bell in pursuance of his job. These votes should have been held to be legal.

Herbert Watkins was challenged by contestants; found to be a resident of Knox County and to have voted for prohibition. His vote was charged against the proponents of prohibition. The contestees contend he was a legal voter. The evidence shows that he lived in Knox County at the time of the election but that he had lived in Buckeye until two months before the elction, and that he was temporarily in Knox County because of his job. We think him to be a legal voter.

Ran Golden was challenged and found to be a resident of Whitley County and charged against the cause of contestees. This voter has very doubtful mental capacity and his testimony is most confusing. He said he was 21 years of age and had been voting for a number of years. He testified in one place he marked the top square on the ballot, which would be a vote for prohibi-

tion, but when asked whether he voted "Yes or No," he answered that he voted "No," which would be a vote against prohibition. Based on this evidence no one can tell against whom he should be charged. Therefore, it would be unfair arbitrarily to charge him to either side.

With the above 6 erroneously charged by the lower court against the cause of contestees, it is now found we have a tie vote. We have considered one by one the others as challenged, and, with the exceptions immediately following, conclude the court properly decided as to them. There are three additional voters as to whom the court made no finding and no charge. These are E. J. Goins, Norman Goins, and Dan Thompson. The contestees contend that these were illegal voters, and that their votes should be charged against the opponents of prohibition. They testified, however, that they voted for prohibition. It appears to be agreed by both the court and the contestants that these were illegal voters. Though they testified that they voted for prohibition, the court refused to assess their vote against either side. The Goinses testified that they were residents of Knox County, but that they had been in business in Buckeye for the last two months. They were partners in the operation of a beer and whiskey emporium. They testified that they voted for prohibition because they could make more money in that business by operating it in "Dry territory."

Dan Thompson, who worked as a bartender for the above Goins Brothers, in their beer and whiskey emporium, testified that he voted for prohibition because he could make more money if the territory were "Dry," and that he wanted more money in order to buy a chicken farm in Buckeye.

The reading of the testimony of the three above witnesses creates a sort of squeamish feeling. To accept such testimony would be credulity indeed, or obliging readiness to believe what was said by these witnesses without submitting their testimony to the test of critical judgment. True, one should not go so far as to be unable to hear and examine what cannot be tolerated, but here we have men operating a beer and whiskey emporium who would come into court and say that they

voted for prohibition because they can make more money by operating their business in local option territory. Do they mean to say that they plan and intend openly to flaunt and violate the law? There is no necessity of writing a lot of sentimental twaddle about this situation, but it would be difficult obligingly to conclude from their testimony that they really voted for prohibition. It is not necessary to pursue logical refinement in arriving at a conclusion, but we rather unhesitatingly state that these votes should have been charged against the cause of contestants. This then gives the cause of prohibition a majority of 3 votes, and the court below should so have found.

It becomes unnecessary then to discuss the matter of the relevancy or irrelevancy of evidence as complained of by appellants. As to the question of the effective date of prohibition, we cannot consider that matter on this appeal. If and when an attempt is made to vote on the question, that matter can properly be presented at such time.

Wherefore, the judgment is reversed for entry of judgment in accordance with the findings herein.